UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SPECIAL PURPOSE ACCOUNTS
RECEIVABLE COOPERATIVE
CORPORATION and CANADIAN
IMPERIAL BANK OF COMMERCE,
as agent,

        Plaintiff's,

vs.

PRIME ONE CAPITAL COMPANY,
L.L.C., SIGNATURE AUTOMOTIVE
GROUP, INC., and THOMAS
BORZILLERI, individually,

        Defendant's.
_____/

CASE NUMBER: 00-6410-CIV-GOLD
MAGISTRATE JUDGE: Simonton

### DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant's, **PRIME ONE CAPITAL COMPANY, L.L.C., SIGNATURE AUTOMOTIVE GROUP, INC.,** and **THOMAS BORZILLERI**, by and through undersigned Counsel, pursuant to S.D. Fla. L.R. 7.1(A)(1), file herewith this Memorandum of Law In Support of their motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted or in the alternative for summary judgment, and state:

1

## The Parties

1. Plaintiff, Special Purpose Accounts Receivable Cooperative Corporation (SPARC) is organized under the laws of California with its principal place of business in New York.[1] Plaintiff, Canadian Imperial Bank of Commerce (CIBC) is organized under the laws of Canada with its principal place of business in Toronto, Canada.[2] CIBC claims to be the agent of SPARC.[3]

2. Defendant, Prime One Capital Company, L.L.C. is a Washington limited liability company with its principal place of business in Broward County, Florida. Defendant, Signature Automotive Group, Inc., is a Florida corporation with its principal place of business in Broward County, Florida. Thomas Borzilleri is a resident of Broward County, Florida, the sole member of Prime One Capital Company, L.L.C. and the President of Signature Automotive Group, Inc.

## Concise Statement Of Facts As To Which There Is No Issue

3. Signature Automotive Group, Inc. is a fleet lessor of motor vehicles to daily rent-a-car agencies. T & W Financial Services Company, LLC was a member of Prime One Capital Company, LLC together with Thomas Borzilleri and one Joseph Pacifico in the fleet rental of motor vehicles. Thomas Borzilleri is the sole remaining member of Prime One Capital Company, LLC following the withdrawal of T & W Financial Services Company, LLC and Joseph Pacifico. Both Signature Automotive Group, Inc. and Prime One Capital Company, LLC. were a primary sources of motor vehicle leases and Prime One Capital Company, LLC and Signature Automotive Group, Inc. were the servicer of the motor vehicle leases. T & W Financial Services Company, LLC

---

[1] See numbered paragraph 2 of Plaintiff's Complaint.

[2] See numbered paragraph 3 of Plaintiff's Complaint.

[3] See numbered paragraph 3 of Plaintiff's Complaint.

2

authorized Prime One Capital Company, LLC and Signature Automotive Group, Inc. to manage motor vehicle leases and dispose of motor vehicles pursuant to a powers of attorney which have not been withdrawn or revoked and remain in effect (copies attached as Composite Exhibit "A").

4. No Florida Motor Vehicle Title Certificate has been issued to Plaintiff's, or either of them, for any motor vehicle which is alleged to be the subject of the Complaint. No security interest has been perfected by Plaintiff's, or either of them, on the title of any motor vehicle which is the subject of the Complaint.

5. The motor vehicles which are the subject of the Complaint are daily rental vehicles and are not unique. Plaintiff's claims are for the recovery of money, whether arising from the collection of lease payments or the disposition of leased motor vehicles.

### Plaintiff's Claims:

6. Plaintiff has filed a Complaint seeking relief against Defendants in four (4) counts:

    Count I   -   Conversion of Money.
    Count II  -   Conversion of Motor Vehicles.
    Count III -   Interference with Contractual Relationship.
    Count IV -   Permanent Injunctive Relief.

### The Complaint Fails to State a Cause of Action

7. Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has sought tort relief for the conversion of money in general and not a specific identifiable fund (lease proceeds, "back-end" payments and auction proceeds).[4] Under Florida law[5]

---

    [4]   See numbered paragraph 46 of Plaintiff's Complaint.

    [5]   Because the diversity jurisdiction of the Court has been invoked (see numbered paragraph 7 of Plaintiff's Complaint), the Court is obliged to apply Florida law. LaTorre v. Connecticut Mutual Life Insurance Co., 38 F.3d 538 (11th Cir. 1994); Technical Coating Applicators, Inc. v. U.S. Fidelity and Guaranty Co., 157 F.3d 843 (11th Cir. 1998); Leszcynski v. Allianz Insurance, 176

3

a claim for the payment of money in general is not a basis for an action in conversion.

  **a.** Under Florida law, the tort of conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time. <u>Marine Transp. Services Sea-Barge Group, Inc. v. Python High Performance Marine Corp.</u>, 16 F.3d 1133 (11th Cir. 1994); <u>Small Business Administration v. Echevarria</u>, 864 F.Supp. 1254 (S.D. Fla. 1994).

  **b.** Conversion occurs when a person who has a right to possession of property demands its return and the demand is not or cannot be met. <u>Shelby Mutual Ins. Co. of Shelby Ohio v. Crain Press, Inc.</u>, 481 So.2d 501 (Fla. 2d DCA 1985). Conversion requires possession of the property of another person with the intent to deprive the person entitled to possession of the property. <u>Small Business Administration v. Echevarria</u>. 864 F.Supp. 1254 (S.D. Fla. 1994). Plaintiff's claims are predicated on the two exhibits attached to the Complaint. However, Plaintiff has not alleged (and cannot allege) that Florida Motor Vehicle Title Certificates for the subject motor vehicles have been issued to Plaintiff's,[6] or either of them, and cannot allege that Plaintiff's, or either of them, have liens perfected with the Florida Department of Highway Safety and Motor Vehicles noted on the face of Florida Motor Vehicle Title Certificates for the alleged motor vehicles, or any of them.[7] Because Plaintiff's neither have Florida Motor Vehicle Title Certificates for the alleged motor vehicles nor perfected liens on the subject motor vehicles, they lack, as a matter of law, any

---

F.R.D. 659 (S.D. Fla. 1997).

 [6] See §391.22(1), Fla. Stats., which provides, in pertinent part: "Except as otherwise provided herein, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter."

 [7] See: §319.27, Fla. Stats. Under Florida law, a lien on a motor vehicle titled in this state is perfected only when such lien is noted upon the face of the certificate of title or on a duplicate or corrected copy thereof. <u>Smith v. City of Miami Beach</u>, 440 So.2d 611 (Fla. 3d DCA 1983).

right to possession of the proceeds derived from the use or operation of the subject motor vehicles.

  **c.** To state a claim for the conversion of money, there must exist a specific fund capable of separate identification as a specific chattel. <u>Bel-Bel International Corp. v. Community Bank of Homestead</u>, 162 F.3d 1101 (11th Cir. 1998); <u>Gary v. D. Agustini & Asociados, S.A.</u>, 865 F.Supp. 818 (S.D. Fla. 1994). A debt which may be discharged by the payment of money in general cannot form the basis of a claim for conversion. <u>Rosen v. Marlin</u>, 486 So.2d 623 (Fla. 3d DCA 1986); <u>Spanish Broadcasting System of Florida, Inc. v. Alfonso</u>, 689 So.2d 1092 (Fla. 3d DCA 1997); <u>Gambolati v. Sarkisian</u>, 622 So.2d 47 (Fla. 4th DCA 1993).

  **d.** Because **(i)** the damages sought in Count I of the Complaint are for the recovery of money in general and not a specific fund capable of separate identification, and **(ii)** Plaintiff's neither have Florida Motor Vehicle Title Certificates for the alleged motor vehicles nor perfected liens on the subject motor vehicles, there is no tenable claim of conversion of money related to the subject motor vehicles. Count I of the Complaint fails to state a claim upon which relief may be granted and should be dismissed. Alternatively, because **(i)** the collection of money in general is not the proper subject of an action for conversion as a matter of law and **(ii)** Plaintiff's failure to have either Florida Motor Vehicle Title Certificates for the alleged motor vehicles or perfected liens thereon, the Court should enter summary judgment against Plaintiff's as to Count I of the Complaint.

  **8.** Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted (the provisions of paragraphs 7(a) through (d) above are incorporated herein by reference). As noted above, the law of Florida does not recognize a claim arising from an interest in a titled motor vehicle unless the claimant has a motor vehicle title issued to the claimant (see footnote 6 above). Plaintiff's have not alleged that they have, and do not in fact have, issued to them, Florida

5

Motor Vehicle Title Certificates for the subject motor vehicles nor do they have perfected liens on any of the subject motor vehicles (see footnote 7 above).  Accordingly, as a matter of Florida law, no right, title or interest in any of the alleged subject motor vehicles can be recognized, Plaintiff's are not entitled to possession of the subject motor vehicles and hence, since Plaintiff's lack any right to possession there is no tenable claim by these Plaintiff's against these Defendants, or any of them for the alleged conversion of the subject motor vehicles.  The Court should dismiss Count II of the Complaint or alternatively enter summary judgment against Plaintiff as to Count II of the Complaint.

9. Count III of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

   a. Under Florida law, the elements of a cause of action for tortious interference with a contractual relationship are: **(i)** the existence of a contract; **(ii)** defendant's knowledge of the contract; **(iii)** the defendant's intentional procurement of the contract's breach; **(iv)** the absence of any justification or privilege; and, **(v)** damages resulting from the breach.  <u>Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.</u>, 162 F.3d 1290 (11th Cir. 1998); <u>Florida Telephone Corp. v. Essig</u>, 468 So.2d 543 (Fla. 5th DCA 1985).  For any alleged interference to be unjustified the interfering party must be a third party (a stranger) to the relationship.  <u>Abruzzo v. Haller</u>, 603 So.2d 1338 (Fla. 1st DCA 1992); <u>Salit v. Ruden, McClosky, et al.</u>, 24 F.L.W. D1992 (Fla. 4th DCA 1999).  The allegations of the Complaint show (as does the attached affidavit of Thomas Borzilleri) that the Defendants were not strangers.

   b. Conduct which is engaged in for legitimate purposes, even if tinged with animosity and malice, does not give rise to a cause of action for interference with a contractual relationship.  <u>Menendez v. Beech Acceptance Corp.</u>, 521 So.2d 178 (Fla. 3d DCA 1988).  Any contact attributed to Defendant's was privileged as communication with lessee's generated by

6

Defendant's, with whom Defendant's have ongoing and continuous contact and business relations, as well as future lease relations.

   **c.** Plaintiff's claims in Count III of the Complaint are derived from the two exhibits attached to the Complaint. Plaintiff's have not alleged that they have or had any contract with any third party with whom they allege that Defendant's (or any of them) have interfered nor have they alleged that either of the two contracts attached to the Complaint have been breached by any party thereto as the result of any act of any Defendant.

   **d.** On August 23, 1999, T & W Financial Services Company, LLC, by powers of attorney which have not been withdrawn or revoked (copies attached hereto as Composite Exhibit "A") granted to Defendants, Prime One Capital Company, L.L.C. and Signature Automotive Group, Inc., broad rights to manage certain leases and motor vehicles subject to leases (see affidavit of Thomas Borzilleri filed herewith). Further, the very same lessee's were leasing motor vehicles from or through these Defendant's that neither Plaintiff had any connection with and thus contact was required to manage these separate vehicles. Accordingly, Prime One Capital Company, L.L.C. and Signature Automotive Group, Inc. were privileged to engage in the very conduct alleged by Plaintiff's to be the basis of the various claims of interference (the collection of lease payments, recovery and disposition of motor vehicles, etc.).

   **e.** Because no existing contract has been breached and Defendants were privileged to perform the very activities which Plaintiff's allege are the basis for their claims of interference, Count III should be dismissed or the Court should alternatively enter summary judgment against Plaintiff's as to Count III of the Complaint.

   **10.** Count IV of Plaintiff's Complaint fails to state a claim upon which relief can be granted. The subject of Count IV concerns access to, and the collection of, money. The alleged

7

**LAW OFFICES OF BRUCE DAVID GREEN, P.A.**
600 South Andrews Avenue, Suite 400, Fort Lauderdale, FL 33301 ☎ (954) 522-8554 ☎ Fax (954) 522-8555

interference therewith is not, as a matter of Florida substantive law, irreparable injury. Where a party has an adequate legal remedy and the opportunity to pursue a money judgment (without regard to whether any such judgment, if obtained, is collectible), injunctive relief is not an available remedy.

   a. A party seeking an injunction must demonstrate a clear legal right, inadequacy of a remedy at law, and that irreparable injury will occur if such relief is not granted. Lee County v. Fort Myers Airways, Inc., 688 So.2d 389 Fla. 2d DCA 1997). Irreparable harm and lack of an adequate legal remedy are both prerequisites to injunctive relief and irreparable harm is not established where the potential loss can be adequately compensated with a monetary award. B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Casualty Co., 549 So.2d 197 (Fla. 3d DCA 1989); City of Miami Springs v. Steffen, 423 So. 2d 930 (Fla. 3d DCA 1982); Gonzalez v. Benoit, 424 So.2d 957 (Fla. 3d DCA 1983). The ability to obtain a money judgment is an adequate legal remedy as a matter of law thereby precluding injunctive relief. Oxford International Bank & Trust, Ltd. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So. 2d 54 (Fla. 3d DCA 1979); B.G.H. Insurance Syndicate, Inc. v. Presidential Fire & Casualty Co., supra at 198.

   b. An action to recover money is unmistakably an action at law. St. Lawrence Company, N.V. v. Alkow Realty, Inc., 453 So. 2d 514 (Fla. 4th DCA 1984). An action for damages does not become an equitable action (for injunctive relief) merely because a request for an injunction is made. In the absence of a clear equitable basis for the issuance of an injunction, an action for damages is just that and injunctive relief is not available. Plissner v. Goodall Rubber Company, 266 So. 2d 228 (Fla. 3d DCA 1968); State Farm Mutual Automobile Ins. Co. v. Green, 579 So. 2d 402 (Fla. 5th DCA 1991). Allegations of economic loss or financial hardship do not constitute irreparable harm for which there is no adequate remedy precluding injunctive relief. Palenzuela v.

8

Dade County, 486 So.2d 12 (Fla. 3d DCA 1986).[8] The collectibility of any judgment has no place in the determination of the adequacy of an action at law for the purpose of determining whether injunctive relief is appropriate. Employee Benefit Plans, Inc. v. Radice Corporate Center I, Inc., 593 So.2d 1125 (Fla. 4th DCA 1992).

    **c.** The mere fact that the alleged or claimed interest of a party in property may be at risk does not justify injunctive relief. Employee Benefit Plans, Inc. v. Radice Corporate Center I, Inc., 593 So. 2d 1125 (Fla. 4th DCA 1992). Nor may a court, by injunction, require the delivery of personal property unless it is of peculiar and intrinsic value and character, and its loss or retention by one not entitled thereto cannot be compensated by an award of damages. Esposito v. Horning, 416 So. 2d 896 (Fla. 4th DCA 1982); Speer v. Evangelisto, 662 So.2d 1340 (Fla. 2nd DCA 1995); Clark v. Allied Associates, Inc., 477 So.2d 656 (Fla. 5th DCA 1985).

    **d.** As a matter of law, injunctive relief is not available to Plaintiff's. Count IV should be dismissed or the Court should alternatively enter summary judgment against Plaintiff's as to Count IV of the Complaint.

### The Claims Against THOMAS BORZILLERI

**11.** There is no basis upon which to pierce the veil of either Prime One Capital Company, L.L.C. or Signature Automotive Group, Inc. to impose liability against **THOMAS BORZILLERI**, individually, as a matter of Florida law. Plaintiff's have joined **THOMAS BORZILLERI** in this suit. The only things **THOMAS BORZILLERI** is alleged to have done are

---

[8] Nor will an alleged loss of business support a finding of irreparable injury necessary to be entitled to temporary injunctive relief. State, Department of Transportation v. Kountry Kitchen of Key Largo, Inc., 645 So.2d 1086 (Fla. 3d DCA 1994). Claims of economic loss, even if proven, do not constitute irreparable harm justifying injunctive relief. 3299 North Federal Highway, Inc. v. Board of County Commissioners of Broward County, 646 So.2d 215 (Fla. 4th DCA 1994).

generate leases,[9] remain as the sole member of Prime Once Capital Company, L.L.C.,[10] service leases on behalf of Prime One Capital Company, L.L.C.,[11] and notify unspecified lessees that Prime One Capital Company, L.L.C. would be servicing leases.[12] As a matter of law, no viable cause of action has been stated against **THOMAS BORZILLERI**[13] individually who was merely acting in a representative capacity for Prime One Capital Company, L.L.C.

### Alternative Motion for Summary Judgment

**12.** The moving party has the initial burden of establishing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FRCP 56(c)); Combs v. King, 784 F. 2d 818 (11th Cir. 1985). The movant is not, however, required to negate or disprove matters on which the non-moving party will have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2554 (1986). Thus, the movants burden is met simply by pointing out that there is an absence of evidence to support the non-moving party's case. Celotex, supra, 477 U.S. at 325, 106 S. Ct. 2554. Defendant's have met their burden.

---

[9] See allegations of paragraph 17 of the Complaint.

[10] See allegations of paragraph 18 of the Complaint.

[11] See allegations of paragraph 27 of the Complaint.

[12] See allegations of paragraph 35 of the Complaint.

[13] No allegations sufficient to pierce the corporate veil have been made and the veil of either **Signature Automotive Group, Inc.** or **Prime One Capital Company, L.L.C.** cannot be pierced on the facts alleged nor is **Thomas Borzilleri** personally liable on the facts alleged as all actions alleged were performed in a representative capacity. See: Dania Jai-alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984); Steinhardt v. Banks, 511 So.2d 336 (Fla. 4th DCA 1987); Alsup v. Your Graphics Are Showing, Inc., 531 So.2d 222 (Fla. 2d DCA 1988).

**LAW OFFICES OF BRUCE DAVID GREEN, P.A.**
600 South Andrews Avenue, Suite 400, Fort Lauderdale, FL 33301 ☎ (954) 522-8554 ☎ Fax (954) 522-8555

## CONCLUSION

**13.** Because **(i)** Plaintiff's are not the holders of Florida Motor Vehicle Title Certificates for any of the subject motor vehicles; **(ii)** Plaintiff's are not the holders of a perfected security interest in any of the subject motor vehicles; **(iii)** money is not the proper subject of an action for conversion; **(iv)** Plaintiff's do not have a right to possession of any of the proceeds of leases; **(v)** Plaintiff's do not have a right to possession of any of the subject motor vehicles; **(vi)** no contract has been breached as the result of any act of Defendants, or any of them; **(vii)** Defendant's acts were privileged; **(viii)** there is no irreparable injury; and, **(ix)** injunctive relief is not available in an action which is generally about the collection of money or is otherwise an action for money damages, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted or alternatively enter summary judgment against Plaintiff's.

**WHEREFORE**, Defendants, **PRIME ONE CAPITAL COMPANY, L.L.C., SIGNATURE AUTOMOTIVE GROUP, INC.,** and **THOMAS BORZILLERI**, move the Court to dismiss the Complaint for failure to state a claim upon which relief can be granted or, alternatively, enter summary judgment against Plaintiff's.

**BRUCE DAVID GREEN, P.A.**
Counsel for Defendant's
600 South Andrews Avenue
Suite 400
Ft. Lauderdale, FL  33301
Phone: (954) 522-8554

By: _____
Bruce David Green, Esq.
Fla. Bar No. 262048

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served upon **C. CYAN REETZ, ESQ.**, GREENBERG TRAURIG, P.A., Counsel for Plaintiff's, 1221 Brickell Avenue, Miami, Florida 33131, by mail, this _10th_ day of April, 2000.

By: _____
Bruce David Green, Esq.

LAW OFFICES OF BRUCE DAVID GREEN, P.A.
600 South Andrews Avenue, Suite 400, Fort Lauderdale, FL 33301 ☎ (954) 522-8554 ☎ Fax (954) 522-8555

**Power of Attorney**

The State of Florida
    ss.
County of Broward

T&W Financial Services Company, L.L.C. (Company) whose business address is 6416 Pacific Highway East, Tacoma, WA 98424, hereby appoint Signature Automotive Group, Inc., whose business address is 210 N University Drive, Suite 100, Coral Springs, FL 33071 as attorney in fact for Company and in Company's name, place, and stead, and for use and benefit:

    To exercise, do, or perform any act, right, power, duty, or obligation whatsoever that the Company now have or may acquire the legal right, power, or capacity to exercise, do, or perform in connection with, arising out of, or relating to the recovery of motor vehicles (including but not limited to the sale or disposition of motor vehicles by sale, auction or otherwise, without limitation) and the negotiation and securing of lien releases for motor vehicles and the execution of motor vehicle titles, and all matters of any and every kind, without limitation, in connection with the recovery and disposition of motor vehicles;

    To ask, demand, sue for, recover, collect, receive, and possess all such sums of money, debts, dues, bonds, notes, checks, drafts, accounts, deposits, legacies, bequests, devises, interests, dividends, stock certificates, certificates of deposit, annuities, pension and retirement benefits, insurance benefits and proceeds, documents of title, choses in action, personal and real property, intangible and tangible property and property rights, and demands whatsoever, liquidated or unliquidated, as are now, or shall later become owned by, or due, owing, payable, or belonging to the company or in which company has or may acquire an interest, and to have, use, and take all lawful ways and means and legal and equitable remedies, procedures, and writs in my name for the collection and recovery thereof, and to compromise, settle, and agree for the same, and to make, execute, and deliver for company and in company name all endorsements, releases, receipts, or other sufficient discharges for the same;

    To open, manage and close banking and brokerage accounts, draw checks, bills of exchange, drafts, and orders on in company name and on company's behalf, and to endorse for negotiation, discount, deposit or collection, notes, checks, drafts, bills of exchange and orders, and receive and receipt for the proceeds of such instruments; and to make, sign, endorse, accept, assign, transfer, guarantee, and deliver checks, notes, drafts, stocks, bonds, securities, bills of lading, warehouse receipts and other instruments or orders for the payment of money; to endorse in company name and negotiate all checks, drafts, bills of exchange, notes, or other commercial paper, payable to company or company order, or which may require company endorsement, and to deposit the proceeds in company name in any account in any bank or banks, trust company or companies, wherever located, that my attorney shall in its absolute discretion deem proper in the management and conduct of company business;

    To lease, purchase, exchange, and acquire, and to bargain, contract, and agree for the lease, purchase, exchange, and acquisition of, and to take, receive, and possess any real or personal property whatsoever, tangible or intangible, or interest therein, on such terms and conditions, and under such covenants, as my attorney in fact shall deem proper;

    To improve, repair, maintain, manage, insure, rent, lease, sell, release, convey, subject to liens, mortgage, and hypothecate, and in any way or manner deal with all or any part of any real or personal property whatsoever, tangible or intangible, or any interest therein, which the company now owns or may later acquire, for the company and in company name, and under such terms and conditions, and under such covenants as my attorney shall deem proper;

    To engage in and transact any and all lawful business of whatever nature or kind for the company and in company name;

    To sign, endorse, execute, acknowledge, deliver, receive, and possess such applications, contracts, agreements, options, covenants, deeds, conveyances, trust deeds, security agreements, bills of sale, leases, mortgages, assignments, insurance policies, bills of lading, warehouse receipts,

EXHIBIT _____A_____

documents of title, bills, bonds, debentures, checks, drafts, bills of exchange, notes, stock certificates, proxies, warrants, commercial paper, receipts, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of, banks, savings and loan or other institutions or associations, proofs of loss, evidences of debts, releases, and satisfaction of mortgages, judgments, liens, security agreements, and other debts and obligations, and such other instruments in writing of whatever kind and nature as may be necessary or proper in the exercise of the rights and powers granted in this document.

The company grants to my attorney in fact full power and authority to do and perform all and every act and thing whatsoever requisite, necessary, and proper to be done in the exercise of any of the rights and powers granted to him, as fully as I could do if personally present, with full power of substitution or revocation, and ratify and confirm all that my attorney in fact, or his substitute or substitutes, shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers granted.

This instrument is to be construed and interpreted as a general power of attorney. The enumeration of specific items, acts, rights, or powers does not limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers granted to my attorney in fact.

The rights, powers, and authority of my attorney in fact to exercise any and all of the rights and powers granted in this document shall commence and be in full force and effect on August, 23rd, 1999, and such rights, powers, and authority shall remain in full force and effect from that date until June 30th, 2001, and this power of attorney shall not be affected by the disability of the principal.

Dated this 23rd day of August, 1999

_____
Witness

_____
Witness

T&W Financial Services Company, L.L.C.
Name of Grantor

_____
Signed
By: Paul B. Luke, Sr. Vice President
Print Name/Title

SWORN TO AND SUBSCRIBED before me in the State and County aforesaid this 23RD day of AUGUST, 1999.

_____

(X) Personally Known

( ) Photographic Identification

NOTARY PUBLIC
State of _____FLORIDA_____ at Large

My Commission Expires:

JANET M. LAMOTTA
Notary Public - State of Florida
My Commission Expires Apr 18, 2003
Commission # CC825066

2

**Power of Attorney**

The State of Florida
   ss.
County of Broward

T&W Financial Services Company, L.L.C. (Company) whose business address is 6416 Pacific Highway East, Tacoma, WA 98424, hereby appoint Prime One Capital Company, L.L.C., whose business address is 210 N University Drive, Suite 100, Coral Springs, FL 33071 as attorney in fact for Company and in Company's name, place, and stead, and for use and benefit:

      To exercise, do, or perform any act, right, power, duty, or obligation whatsoever that the Company now have or may acquire the legal right, power, or capacity to exercise, do, or perform in connection with, arising out of, or relating to the recovery of motor vehicles (including but not limited to the sale or disposition of motor vehicles by sale, auction or otherwise, without limitation) and the negotiation and securing of lien releases for motor vehicles and the execution of motor vehicle titles, and all matters of any and every kind, without limitation, in connection with the recovery and disposition of motor vehicles;

      To ask, demand, sue for, recover, collect, receive, and possess all such sums of money, debts, dues, bonds, notes, checks, drafts, accounts, deposits, legacies, bequests, devises, interests, dividends, stock certificates, certificates of deposit, annuities, pension and retirement benefits, insurance benefits and proceeds, documents of title, choses in action, personal and real property, intangible and tangible property and property rights, and demands whatsoever, liquidated or unliquidated, as are now, or shall later become owned by, or due, owing, payable, or belonging to the company or in which company has or may acquire an interest, and to have, use, and take all lawful ways and means and legal and equitable remedies, procedures, and writs in my name for the collection and recovery thereof, and to compromise, settle, and agree for the same, and to make, execute, and deliver for company and in company name all endorsements, releases, receipts, or other sufficient discharges for the same;

      To open, manage and close banking and brokerage accounts, draw checks, bills of exchange, drafts, and orders on in company name and on company's behalf, and to endorse for negotiation, discount, deposit or collection, notes, checks, drafts, bills of exchange and orders, and receive and receipt for the proceeds of such instruments; and to make, sign, endorse, accept, assign, transfer, guarantee, and deliver checks, notes, drafts, stocks, bonds, securities, bills of lading, warehouse receipts and other instruments or orders for the payment of money; to endorse in company name and negotiate all checks, drafts, bills of exchange, notes, or other commercial paper, payable to company or company order, or which may require company endorsement, and to deposit the proceeds in company name in any account in any bank or banks, trust company or companies, wherever located, that my attorney shall in its absolute discretion deem proper in the management and conduct of company business;

      To lease, purchase, exchange, and acquire, and to bargain, contract, and agree for the lease, purchase, exchange, and acquisition of, and to take, receive, and possess any real or personal property whatsoever, tangible or intangible, or interest therein, on such terms and conditions, and under such covenants, as my attorney in fact shall deem proper;

      To improve, repair, maintain, manage, insure, rent, lease, sell, release, convey, subject to liens, mortgage, and hypothecate, and in any way or manner deal with all or any part of any real or personal property whatsoever, tangible or intangible, or any interest therein, which the company now owns or may later acquire, for the company and in company name, and under such terms and conditions, and under such covenants as my attorney shall deem proper;

      To engage in and transact any and all lawful business of whatever nature or kind for the company and in company name;

      To sign, endorse, execute, acknowledge, deliver, receive, and possess such applications, contracts, agreements, options, covenants, deeds, conveyances, trust deeds, security agreements, bills of sale, leases, mortgages, assignments, insurance policies, bills of lading, warehouse receipts,

documents of title, bills, bonds, debentures, checks, drafts, bills of exchange, notes, stock certificates, proxies, warrants, commercial paper, receipts, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of, banks, savings and loan or other institutions or associations, proofs of loss, evidences of debts, releases, and satisfaction of mortgages, judgments, liens, security agreements, and other debts and obligations, and such other instruments in writing of whatever kind and nature as may be necessary or proper in the exercise of the rights and powers granted in this document.

The company grants to my attorney in fact full power and authority to do and perform all and every act and thing whatsoever requisite, necessary, and proper to be done in the exercise of any of the rights and powers granted to him, as fully as I could do if personally present, with full power of substitution or revocation, and ratify and confirm all that my attorney in fact, or his substitute or substitutes, shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers granted.

This instrument is to be construed and interpreted as a general power of attorney. The enumeration of specific items, acts, rights, or powers does not limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers granted to my attorney in fact.

The rights, powers, and authority of my attorney in fact to exercise any and all of the rights and powers granted in this document shall commence and be in full force and effect on August, 23rd, 1999, and such rights, powers, and authority shall remain in full force and effect from that date until June 30th, 2001, and this power of attorney shall not be affected by the disability of the principal.

Dated this 23rd day of August, 1999

_____
Witness

_____
Witness

T&W Financial Services Company, L.L.C.
Name of Grantor

_____
Signed
By: Paul B. Luke, Sr. Vice President
Print Name/Title

SWORN TO AND SUBSCRIBED before me in the State and County aforesaid this 23RD day of AUGUST, 1999.

_____

(X) Personally Known

( ) Photographic Identification

NOTARY PUBLIC
State of _____FLORIDA_____ at Large

My Commission Expires:

JANET M. LAMOTTA
Notary Public - State of Florida
My Commission Expires Apr 18, 2003
Commission # CC825066

2