UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6410-CIV-MARRA/SELTZER

SPECIAL PURPOSE ACCOUNTS RECEIVABLE )
COOPERATIVE CORPORATION and CANADIAN )
IMPERIAL BANK OF COMMERCE, as Agent, )
)
                        Plaintiffs, )
        v. )
)
PRIME ONE CAPITAL COMPANY, L.L.C., )
SIGNATURE AUTOMOTIVE GROUP, INC., and )
THOMAS BORZILLERI, individually, )
)
                        Defendants. )
_____ )

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
DEFENDANTS' PROPOSED
"ADVICE-OF-COUNSEL" AFFIRMATIVE DEFENSE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Special Purpose Accounts Receivable Cooperative Corporation ("SPARC") and Canadian Imperial Bank of Commerce ("CIBC," collectively "Plaintiffs") respectfully submit this Motion in Limine to preclude Defendants Thomas Borzilleri, Signature Automotive Group and Prime One Capital Company, L.L.C. (collectively, "Defendants") from presenting testimony or evidence to support an unpled and untimely advice-of-counsel affirmative defense. In support of their Motion, Plaintiffs present the following Memorandum of Law.

**MEMORANDUM OF LAW**

This lawsuit has been pending against Mr. Borzilleri, Prime One and Signature for over three years. At no time between the time that Plaintiffs filed this lawsuit on March 23, 2000 and the beginning of the trial on May 19, 2003 have Defendants <u>ever</u> asserted an "advice-of-counsel" defense in response to any of Plaintiffs' claims. However, mid-way through the first day of trial,

Defendants informed Plaintiffs and this Court that they may present an advice-of-counsel defense as a "justification" for Defendants' tortious and criminal conduct in this case. Specifically, Defendants have stated their intention to argue to the jury that they relied on the erroneous advice of their counsel, Bruce Green, to "interpret[] their rights under various agreements (such as the Prime One Agreement) and legal instruments (such as the powers of attorney)," and therefore did not have the requisite intent to be held liable for tortious interference and violating the Racketeer Influenced Corrupt Organizations Act. (See Defs.' Trial Mem. on Intent Evid.: State of Mind Exception to Hearsay Rule at 6). Prior to this "notification," Defendants never so much as alluded to, let alone asserted, this affirmative defense. They failed to plead an advice-of-counsel argument as an affirmative defense in their answer, and never identified any witnesses or documents to support such a defense in their interrogatory responses or document productions. In fact, rather than disclosing this "defense," Defendants repeatedly interposed the attorney-client privilege to preclude Plaintiffs from discovering Defendants' communications with their counsel.

Defendants' improper attempt to raise an advice-of-counsel affirmative defense for the first time now – after the initiation of the trial – is highly improper and potentially prejudicial. Plaintiffs respectfully submit that the Court should reject this belated defense and preclude Defendants from mentioning, commenting upon, or introducing any evidence or testimony whatsoever to support a claim that Defendants' conduct was reasonable in light of the alleged mistaken legal advice furnished by Defendants' counsel.

I  **DEFENDANTS HAVE WAIVED THEIR NEWLY PROPOSED "ADVICE-OF-COUNSEL" DEFENSE.**

As an initial matter, Defendants have waived the right to assert an advice-of-counsel affirmative defense by failing to plead that defense in their answer. It is firmly established that an advice-of-counsel defense is an affirmative defense that is waived under Federal Rule of Procedure 8(c) if not specifically asserted in the answer to a complaint. See Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 564 (S.D. Fla. 2001) (precluding the assertion of an untimely advice-of-counsel defense); Hill v. Hill, 415 So.2d 20 (Fla. 1982); Mrmich v. Switzer, 553 So.2d 1308, 1309 (Fla. DCA 1989) (finding advice-of-counsel affirmative defense waived); Gause v. First Bank of Marianna, 457 So.2d 582, 585 (Fla. DCA 1984) (same). Defendants did not assert an advice-of-counsel affirmative defense in their answer to Plaintiffs' Second Amended Complaint.[1] Defendants therefore waived this alleged defense, and the Court should accordingly preclude Defendants from presenting any evidence to establish such a defense before the jury.

The Court should also reject any as of yet unfiled motion for leave to amend Defendants' answer to assert an "advice-of-counsel" affirmative defense. Federal Rule of Civil Procedure 15 allows a defendant to amend its answer "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The Rules restrict a defendant from freely amending its pleadings during the pendency of an action because the assertion of new affirmative defenses at the last minute is highly prejudicial to a plaintiff's ability to develop its case for trial. See Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 450 (1st Cir. 1995) (The federal rules require an affirmative defense to be pled in the answer because the plaintiff must be given "notice of the

---

[1]  (See Answer, Defenses and Affirmative Defenses by Prime One, Signature Automotive, and Thomas Borzilleri to Second Amended Complaint [D.E. 256]; Defendants' Supplemental Answer, Defenses, and

defense and a chance to develop evidence and offer arguments to controvert the defense."). Accordingly, courts generally refuse to allow defendants to add affirmative defenses on the eve of – let alone during – a trial. For example, in Sun Bank, N.A. v. E.F. Hutton & Co., Inc., 926 F.2d 1030, 1035-36 (11th Cir. 1991), the Eleventh Circuit affirmed a district court's refusal to allow such an amendment, stating:

> The affirmative defense the proffered amendment would have added was completely new – there was no mention of it prior to this time. Allowing the amendment at this stage would have been prejudicial to [plaintiff] . . . . In the absence of unusual circumstances, parties should not be allowed to undermine the purpose of pretrial procedures and the orderly progression of the trial by the addition of a totally new affirmative defense on the morning of trial.

Id. at 1035. Judge Moore reached a similar conclusion in Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561 (S.D. Fla. 2001), a case in which he denied a defendant's request to amend its answer to assert an advice-of-counsel affirmative defense because the defendant had failed to assert that alleged defense in a timely fashion. Id. at 564 (noting that "[a]n order compelling additional discovery on this issue is not a viable option given the proximity of trial").[2] Allowing Defendants to amend their answer to assert their proposed advice-of-counsel affirmative defense now – after the trial in this matter has already begun – would be highly prejudicial to Plaintiffs, and should therefore be rejected.

---

Affirmative Defenses to Plaintiffs' Second Amended Complaint [D.E. 361]).

[2] See also Wolf v. Reliance Standard, 71 F.3d at 450 (affirming refusal to allow amendment, where defendant did not raise affirmative defense "in its answer, at the pretrial hearings, in the pretrial memoranda, or at any point during discovery, but rather raised it only five days before trial" and where allowing amendment "would have forced [plaintiff] to conduct additional discovery, research, and preparation"); Cunningham v. Healthco, Inc., 824 F.2d 1448, 1461 (5th Cir. 1987) (affirming refusal to allow amendment where trial preparation was complete); Swanson v. Van Otterloo, 177 F.R.D. 645 (N.D. Iowa 1998) (denying motion less than six weeks before trial); Bodenhamer Building Corp. v. Architectural Research Corp., 106 F.R.D. 521 (E.D. Mich. 1985); Perlmutter v. Shatzer, 102 F.R.D. 245 (D. Mass. 1984)

Defendants have also waived any right to assert an advice-of-counsel defense by failing to identify the basis for this defense in discovery. In particular, Defendants never identified their attorneys as "persons with knowledge" in response to Plaintiffs' interrogatories and failed to produce any relevant attorney work papers or attorney-client communications in response to Plaintiffs' document requests. It is well accepted that if a party fails to identify the witnesses and/or documents supporting a particular claim or defense during discovery, the Court may preclude that party from asserting its position at trial. In the present case, Defendants never identified the necessary witnesses and withheld the documents that would allegedly support Defendants' proposed advice-of-counsel defense in discovery. For example, although Plaintiffs' interrogatories required Defendants to state the name of "any person who has, claims to have or whom [Defendants] believe may have knowledge or information pertaining to any alleged fact alleged in the pleadings (as defined in Fed. R. Civ. P. 7(a)) filed in this action, or any fact underlying the subject matter of this action," Defendants never identified Mr. Green (or any of Defendants' other attorneys) as a person with knowledge of Defendants' "state of mind." Similarly, Defendants did not produce documents relevant to this defense in response to Plaintiffs' discovery requests. Specifically, Defendants refused to produce Mr. Green's files, records, notes and/or correspondence concerning the Prime One Agreement, the alleged powers of attorney, and his communications with Defendants. By failing to identify Mr. Green (or any other of Mr. Borzilleri's attorneys) as a potential witness and by failing to produce relevant documents in response to Plaintiffs' document requests, Defendants effectively precluded Plaintiffs from investigating Defendants' advice-of-counsel defense during discovery. The Court should accordingly preclude Defendants from presenting that defense to the jury now.[3]

---

[3] Defendants stated intention not to call Mr. Green as a trial witness does not excuse their failure to identify him as a potential trial witness. The purpose of Rule 26.1.G interrogatories is not just to list an adversary's

5

Moreover, rather than disclosing the basis for an advice-of-counsel defense in discovery, Defendants repeatedly invoked the attorney-client privilege to preclude Plaintiffs from discovering information relevant to Defendants' alleged reliance on counsel. It is well established that when a defendant asserts an advice-of-counsel affirmative defense, a defendant waives otherwise privileged attorney-client communications as to <u>all</u> subject matters relevant to that advice. As Judge Moore explained in <u>Inmuno Vital</u>, "when the advice-of-counsel defense is raised, the party raising the defense must permit discovery of <u>any</u> and <u>all</u> <u>legal</u> <u>advice</u> rendered on the disputed issue." <u>Inmuno Vital</u>, 203 F.R.D. at 564 (emphasis added). Despite this, Defendants have repeatedly invoked the attorney-client privilege as a bar to the discovery of Defendants' communications with counsel. For example, during Mr. Borzilleri's deposition, Defendants' counsel objected to various inquiries on the basis of privilege and instructed Mr. Borzilleri not to answer those inquiries. (<u>See</u> Deposition of Thomas Borzilleri "Borzilleri Dep." at 259). When directly asked whether he would waive his attorney-client privilege, Mr. Borzilleri assured Plaintiffs' counsel that he would not.

> A. Then, I consulted counsel, and . . . .
> \*   \*   \*   \*
> Q  You say you consulted with counsel?
> A  Yeah.
> Q  Who did you consult with?
> A  Bruce Green.
> Q  Are you intending to waive any privilege attendant to that consultation?
> A  No.

(<u>Id.</u> at 434:19-435:22).

If Defendants had intended to assert their newly-contrived advice-of-counsel defense, it was incumbent for them to waive the privilege objections they asserted during Mr. Borzilleri's

---

likely witnesses, but to identify those individuals that could serve as witnesses for the party propounding the interrogatories.

deposition, produced counsel's files on the waived subject matters, and make Mr. Green available for a discovery deposition.[4]

> By blocking Plaintiff's attempt to obtain discovery on the legal advice rendered from outside counsel on the disputed issue, Defendants unfairly attempted to use the privilege as a sword to bolster and protect its advice-of-counsel defense. This result is manifestly unfair to Plaintiff, and this unfairness mandates the exclusion of any evidence about the advice Defendants received from counsel on this issue, and the denial of Defendants' motion to amend its answer to include the advice-of-counsel defense.

Inmuno Vital, 203 F.R.D. at 564; see also Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d. Cir. 1995); U.S. v. Bilzerian, 926 F.2d 1285, 1292 (2 Cir. 1991). In light of the Defendants' continuous efforts to interpose the attorney-client relationship as a shield to preclude discovery of its counsel's advice, the Court should bar Defendants from relying on the mistaken advice now as an excuse for their criminal and tortious conduct.[5]

## II   PLAINTIFFS WILL BE PREJUDICED IF DEFENDANTS ARE ALLOWED TO PRESENT THEIR NEWLY ASSERTED "ADVICE-OF-COUNSEL" DEFENSE.

Plaintiffs would be severely prejudiced if Defendants are allowed to assert this brand-new affirmative defense now. Defendants have offered no explanation – much less a justification – for their eleventh-hour attempt to raise this issue. By previously asserting their attorney-client privilege – explicitly through the assertion of such privilege in depositions and implicitly by

---

[4] Of course, by invoking their proposed advice-of-counsel defense, Defendants would generally waive the attorney-client privilege concerning the subject matter upon which they actually relied, regardless of which particular attorneys allegedly rendered that (erroneous) advice. See Inmuno Vital, 203 F.R.D. at 564 (a defendant could not restrict its advice-of-counsel privilege waiver to the particular attorneys upon which it allegedly relied, but, instead "must permit discovery of any and all legal advice rendered on the disputed issue."). Accordingly, if Defendants choose to waive their attorney-client privilege with respect to their communications with counsel regarding the assignments or the Prime One Agreement, Plaintiffs will be entitled to ask Mr. Borzilleri not only about his communications on these subjects with Mr. Green, but with all of his attorneys, including those from the Tew Cardenas law firm.

[5] Defendants appear to suggest that they had previously disclosed their advice-of-counsel defense and that Plaintiffs designated Mr. Green as a "possible" trial witness based on that disclosure. This suggestion is false. As Defendants are well-aware, Plaintiffs have listed Mr. Green as a possible trial witness for the sole reason that Mr. Green wrongfully provided Defendants with titles for vehicles in which Plaintiffs have a perfected security interest in contravention of the terms under which Mr. Green obtained those titles.

refusing to produce documents and failing to ever identify witnesses with knowledge – Defendants effectively prevented Plaintiffs from conducting any discovery on this alleged issue. The Court cannot now allow Defendants to rely on the alleged information that it has strategically withheld from Plaintiffs in discovery as an excuse to justify their criminal and tortious conduct to the jury. To do so would severely prejudice Plaintiffs who have been systematically deprived of information necessary to investigate and assess Defendants' new defense. The Court should reject Defendants' efforts to "undermine the purpose of pretrial procedures and the orderly progression of the trial by the addition of a totally new affirmative defense on the morning of trial." Sun Bank, 926 F.2d at 103. Accordingly, the Court should grant Plaintiffs an Order in Limine precluding Defendants from introducing at trial any evidence or testimony concerning the advice that Mr. Borzilleri allegedly received from his counsel.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion in Limine and preclude Defendants from asserting an advice-of-counsel defense because of its untimely assertion and resultant prejudicial effect.

Respectfully submitted,

C. Ryan Reetz
Florida Bar No. 934062
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Tel.: (305) 579-0500
Fax: (305) 579-0717

Holly A. Harrison
Joel M. Hammerman

Lori L. Roeser
Sidley Austin Brown & Wood
10 South Dearborn Street
Chicago, Illinois 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036

Attorneys for Plaintiffs

By: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by hand upon:

Joseph A. DeMaria, Esq.
Matias Dorta, Esq.
Patricia Baloyra, Esq.
Tew, Cardenas, et al.
201 S. Biscayne Boulevard
Suite 2600
Miami, FL 33131

on this ___ day of May 2003.

