UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6410-CIV-MARRA

SPECIAL PURPOSE ACCOUNTS RECEIVABLE
COOPERATIVE CORPORATION and
CANADIAN IMPERIAL BANK OF COMMERCE,

     Plaintiffs,

vs.

PRIME ONE CAPITAL COMPANY, LLC,
SIGNATURE AUTOMOTIVE GROUP, INC.
and THOMAS BORZILLERI,

     Defendants.

_____/



FILED by _____ D.C.

JUN 2 7 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER REGARDING DEFENDANTS' USE OF EXHIBIT 812 IN CROSS-EXAMINATION OF PLAINTIFF'S EXPERT PAUL CHARNETZKI

THIS CAUSE is before the Court upon the objection by Plaintiffs in open court of Defendants' attempt to cross-examine Plaintiff's expert, Paul Charnetzki, with Plaintiffs' Exhibit 812. The Court has heard the argument of counsel in open court on June 26, 2003 and is otherwise fully advised in the premises.

The arguments raised by Defendants in support of allowing cross-examination have called into question the meaning of the Court's Order Regarding Summary Judgment Motions [DE 794] and Order of Clarification of Pending Issues [DE 805]. The Court takes this opportunity to reassert the conclusions made in those prior rulings as to what issues remain for trial.

In its prior order on summary judgment, this Court concluded that Plaintiffs had obtained valid assignments from T&W, Inc. for the leases at issue in this case, and that Defendants could be liable for conversion of the lease proceeds even if such taking was done under a good faith

mistaken belief that the proceeds belonged to Defendants.   The Court therefore has prevented Defendants from attacking the validity of Plaintiffs' assignments at trial, as resolution of that issue was a question of law that was ruled upon at the summary judgment stage.   The Court stated in its order that:

> to the extent Plaintiffs can demonstrate Defendants received lease proceeds in which Plaintiffs had a prior right, there is no disputed issue of material fact that Defendants' assertion of dominion over such property was inconsistent with Plaintiffs' rights.   However, the Court cannot conclude as a matter of law the amount, if any, of Plaintiffs' damages.   Defendants have raised evidentiary issues regarding the submissions by Plaintiffs which preclude summary judgment on the amount of damages.

Order Regarding Summary Judgment Motions at page 8.   The issue regarding personal liability of Defendant Borzilleri for conversion was later clarified "that the individual participation by Borzilleri must still be proven at trial."   Order of Clarification of Pending Issues at page 3.

The Court reached its conclusion not to grant summary judgment to Plaintiff on the amount of damages for the conversion claim because the Court accepted Defendants' arguments on damages in opposition to Plaintiffs' motion.   On several occasions, Defendants disputed the accuracy of Plaintiffs' damages claims.   Defendants specifically argued that "due to T&W's inaccurate records and the lack of declarants with personal knowledge, Plaintiffs' damages claims are nothing more than unsubstantiated conclusions that are contradicted by record evidence."   Defendants' Memorandum of Law in Opposition to Plaintiffs' Supplemental Motion for Partial Summary Judgment at page 49 [DE 467]; see also Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment on their Conversion Claims at page 27-28 [DE 648]; Counterplaintiffs' and Defendants' Amended Local Rule 7.5 Concise Statement of Material Facts as to Which There is a Genuine Issue to be Tried in Connection with Plaintiffs' Motion for Summary Judgment on Their Conversion Claims at page 13 [DE 735].   After

succeeding in convincing the Court that summary judgment should not be granted as to conversion damages, it is surprising that the Defendants now suggest that there is no dispute as to that issue.

As noted above, the specific issue before the Court is whether Defendants can cross-examine Plaintiff's expert as to the amount of damages caused by Defendants by asking a hypothetical question using Plaintiff's Exhibit 812. This exhibit is a list of leases that witness Clay Oltman of T&W informed Defendant Borzilleri belonged to T&W Funding Company VIII (the entity that had obtained funds from Plaintiffs for the purpose of funding these automobile leases). Plaintiffs objected to this line of questioning partly on the grounds that the Court had already determined the universe of leases for which Defendants are liable.

The Court concludes that the cross-examine may proceed since the questions are relevant to Defendants' attempt to limit their damages. Defendants may ask questions regarding the tracing of funds from the universe of leases with valid assignments. Defendants may also question witness Charnetzki's damages conclusion as to the amount of damages for the tortious interference claims and the RICO claims, since the issue of the intent of Defendants as to those causes of actions also remains for trial. While Defendants may cross-examine Plaintiff's expert on these damages issues, the Court will give a limiting instruction to the jury that this testimony is relevant for consideration of Plaintiffs' claims for tortious interference and RICO, and is not to be used to challenge which leases have valid assignments for purposes of the conversion claims.

Plaintiffs also object to such cross-examination on the grounds that witness Charnetzki is not the proper witness from whom to elicit such testimony. Rather, Plaintiffs assert that Defendants should elicit this testimony from their own damages expert. The Court disagrees.

In general one may ask an expert witness a hypothetical question based upon facts

supported by the evidence.  Cross examination "may be used to explore any discrepancies

relating to the hypothetical."  Jack B. Weinstein & Margaret Berger, Weinstein's Federal

Evidence § 7.05.03[3] (2nd ed. 2002); Toucet v. Maritime Overseas Corp., 991 F.2d 5, 10 (1st Cir.

1993); Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 415 (3rd Cir. 2002).  In this case,

Defendants are attempting to cross-examine Plaintiffs' expert by challenging his conclusions

with a document already admitted in evidence.  The Defendants seek to ask the expert to assume

a different set of facts than those presented by plaintiff during the direct examination.  Such

questioning is within the trial court's discretion to allow since Defendants' hypothetical is based

upon facts supported by the evidence.  See Parliament Ins. Co. v. Hanson, 676 F.2d 1069, 1074

(5th Cir. Unit B 1982); Ullman v. Overnite Transp. Co., 563 F.2d 152, 156 (5th Cir. 1977).[1]  On

re-direct, Plaintiffs may explore any discrepancies that may exist with Defendant's hypothetical.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

27 day of June, 2003.

_____

KENNETH A. MARRA
United States District Judge

copies to:

| | |
|---|---|
| Joseph DeMaria, Esq./Matias Dorta, Esq./Patricia Baloyra, Esq. | (Via fax to:  (305) 536-1116) |
| D.  Ryan Reetz, Esq. | (Via fax to:  (305) 579-0717) |
| Holly Harrison, Esq./Lori Roeser, Esq./Joel Hammerman, Esq. | (Via fax to: (312) 853-7036) |

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).