UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06410-CIV-MARRA

SPECIAL PURPOSE ACCOUNTS
RECEIVABLE COOPERATIVE
CORPORATION and CANADIAN
IMPERIAL BANK OF COMMERCE, as
Agent,

      Plaintiffs,

v.

PRIME ONE CAPITAL COMPANY, L.L.C.,
SIGNATURE AUTOMOTIVE GROUP, INC.,
and THOMAS BORZILLERI, individually,

      Defendants.
_____/

SPECIAL PURPOSE ACCOUNTS
RECEIVABLE COOPERATIVE
CORPORATION and CANADIAN
IMPERIAL BANK OF COMMERCE, as
Agent,

      Third-Party Plaintiffs,

v.

12530-4 CORP., et al.,

      Third-Party Defendants,
_____/

## OPINION AND ORDER

This cause is before the Court upon Third-Party Defendant Capital Trust Co. of Delaware's Motion to Dismiss Third-Party Complaint [DE 1007] and Third-Party Defendants 12530-4 Corp., 12540-5 Corp., Mindee Borzilleri and 2004 Borzilleri Irrevocable Delaware

Family Trust, Signature Group Holdings, Inc., Signature Financial Group, Inc., Aeroplan Capital Co., L.L.C., Aeroplan Partners, L.L.C., BFT Business Unit Trust, L.L.C., BFT Funding CO I, L.L.C., FleetPlan L.L.C. and FleetPlan Funding Co., L.L.C.'s Motion to Dismiss Complaint [DE 1008]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

On or about August 29, 2003, Plaintiffs obtained a Judgment against Defendants, jointly and severally, in the instant case in the principal amount of $28,436,763.04. On March 3, 2004, the Court entered a Final Judgment Taxing Costs against Defendants in the principal amount of $172,077.78. On June 28, 2006, the Court issued Writs of Execution against each defendant pursuant to the Primary Judgment. Plaintiffs state that they have not received any satisfaction of the judgments, in full or in part.

On July 14, 2006, Plaintiffs filed a Motion to Commence Proceedings Supplementary, to Implead Third Parties and to Preserve Evidence [DE 986], which the Court granted [DE 1002]. The twelve-count Third-Party Complaint alleges fraudulent transfers under Florida Statute § 56.29(6)(a) against the various Third-Party Defendants, 12530-4 Corp. ("Count I"), 12540-5 Corp. ("Count II"), the 2004 Borzilleri Irrevocable Delaware Family Trust and Capital Trust Co. of Delaware, as Trustee of the Borzilleri Trust ("Count III"), Mindee Borzilleri ("Count IV"), Signature Group Holdings, Inc. ("Count V"), Signature Financial Group, Inc. ("Count VI"), AeroPlan Capital Co., L.L.C. ("Count VII"), Aeroplan Partners, L.L.C. ("Count VIII"), BFT Business Unit Trust, L.L.C. ("Count IX"), BFT Funding Co . L.LC. ("Count X"), FleetPlan L.L.C. ("Count XI"), and FleetPlan Funding Co. 1, L.L.C. ("Count XII"). The Third-Party

Complaint invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(3) and venue under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred in this district." (Compl. ¶ ¶ 18-19.)

Third-Party Defendant, Capital Trust Co. of Delaware, as Trustee of the 2004 Borzilleri Irrevocable Delaware Family Trust, moves to dismiss Count III of the Third-Party Complaint for improper venue and for failure to state a claim. Specifically, it contends that, under Florida Statute § 737.203, venue is proper in Delaware, not Florida, and that Plaintiffs have failed to plead fraud with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure. [DE 1007 at 3-4.) The other Third-Party Defendants joined in the Third Party Complaint adopt this venue argument. (DE 1008 at 5-6.) In addition, those Third-Party Defendants contend that Florida Statute § 56.29(6) is a procedural mechanism only, and that Plaintiffs are required to plead allegations under the Uniform Fraudulent Transfer Act ("UFTA"). (DE 1008 at 6.) Lastly, those Third-Party Defendants argue that the elements of the Fraudulent Transfer claims are not pled with specificity as required under Rule 9(b) of the Federal Rules of Civil Procedure. (DE 1008 at 7-8.)

In response,[1] Plaintiffs argue that because venue statutes are procedural, the federal venue statute, 28 U.S.C. § 1391(a), applies and not the state statute advocated by Third-Party Defendants. (Pl. Resp. 6-7.) With respect to Third-Party Defendants' claim that heightened pleading standards apply, Plaintiffs disagree, claiming that Florida Statute § 56.29(6) "places the burden squarely on the Third-Party Defendants to prove that they did not receive fraudulent

---

[1] Given the overlapping arguments by Third-Party Defendants, Plaintiffs filed a joint response. The Court will refer to all of the Third-Party Defendants as "Third-Party Defendants."

transfers." (Pl. Resp. 13.) Alternatively, Plaintiffs insist that they have adequately alleged their claim with sufficient particularity. (Pl. Resp. 14.)

II.  Discussion

A. Venue

In arguing for dismissal of Count III of the Complaint, Third-Party Defendants contend that the proper venue for these proceedings is in Delaware, not Florida. (DE 1007 at 5-10.) According to Third-Party Defendants, "a federal court in a diversity action must apply state substantive law," and Florida state statutes require that Delaware courts resolve this dispute.  The Court rejects this position.

To the contrary, the Eleventh Circuit, in the context of  forum selection clauses, has stated the following regarding the applicability of federal rules of venue in diversity actions:

> *Venue is a matter of federal procedure for several reasons*. As to statutory law: First, Congress has specifically provided, by statutory enactment, rules of venue to govern federal district courts in diversity actions. 28 U.S.C.A. §§ 1391, et seq.  By providing specific provisions rather than allowing rules of venue to be governed by state common law, the statute makes clear that Congress considered this a question appropriately governed by federal legal standards. Second, Congress has approved the adoption of Fed.R.Civ.P. 12(b)(3) and 41(b), federal procedural rules that direct federal courts as to the principles involved in deciding questions of venue. As the panel stated in reflection on these rules:
>
> If venue were to be governed by the law of the state in which the forum court sat, the federal venue statute would be nugatory. Nor would there be any legitimacy to the Federal Rules that govern certain aspects of venue, for they would tread on state prerogatives. (emphasis added)

Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066, 1068 (11th Cir. 1987) (en banc), aff'd on other grounds, 487 U.S. 22 (1988); accord Jumara v.  State Farm Ins. Co., 55 F.3d 873, 877 (11th Cir. 1995) (adopting the Stewart rationale); Manetti-Farrow, Inc., v. Gucci America, Inc., 858 F.2d 509, 512-13 (9th Cir. 1988) (same).  Based on this clear precedent, the Court must apply

4

federal law.

Here, Plaintiffs have alleged venue pursuant to 28 U.S.C. § 1391(a)(2) which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Notably, the Complaint states that venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred in this district." (Compl. ¶ 19.) The Court finds that the Plaintiffs have adequately alleged proper venue under 28 U.S.C. § 1391(a)(2).[2] Americanananglian Environmental Techs., L.P. v. Doherty, 461 F. Supp. 2d 359, 362 (E.D. Pa. 2006) (applying federal venue provision to proceedings supplementary to enforcement of a judgment).

B. Motion to Dismiss

Third-Party Defendants move to dismiss the Complaint for failure to state a claim pursuant to Rule 12((b)(6) of the Federal Rules of Civil Procedure, contending that the Complaint does not properly plead the allegations of a fraudulent transfer claim under the UFTA. Additionally, Third-Party Defendants seek dismissal of the Complaint for failure to plead a UFTA claim with the required specificity under Rule 9(b) of the Federal Rules of Civil Procedure.

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to a state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to

---

[2] Third-Party Defendants do not argue that venue is improper under 28 U.S.C. § 1391(a)(2); instead, they merely argue that state law, not federal law applies.

5

Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

The Complaint cites Florida Statute § 56.29(6)(a)[3] and each count of the Complaint states that "during the period commencing one year prior to the service of process," "transfers were made of cash or other tangible and intangible property" to the various Third-Party Defendants, and that those Third-Party Defendants were "on confidential terms with the Initial Defendants." The Court finds that these allegations are inadequate to state a claim for fraudulent transfer.

As discussed in Nationsbank, N.A., v. Coastal Utilities, Inc., 814 So. 2d 1227 (Fla. Dist. Ct. App. 2002), Florida Statutes § 56.29(6)(a) is the procedural mechanism for creditors to recover fraudulent transfers, but the UFTA, as set forth in Florida Statute § 726.105, provides the substantive requirements that must be pled to bring a claim for fraudulent transfer. Id. at 1229. The elements

---

[3] Florida Statute § 56.29(6)(a) states: "When, within 1 year before the service of process on him or her, defendant has had title to, or paid the purchase price of, any personal property to which the defendant's spouse, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him or her was not made to delay, hinder, or defraud creditors."

for a fraudulent transfer claim require a plaintiff to show that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." Id. The Complaint does not explicitly identify the creditor or the debtor. Most troubling, however, is the failure to allege any fraudulent act by the debtor. Instead, the Complaint simply states that "transfers" occurred. Finally, the Complaint does not adequately describe the nature of the relationship between the Third-Party Defendants and the Initial Defendants. Based on these deficiencies, the Court finds that the Complaint must be dismissed. Plaintiffs are given leave to amend the Complaint to cure these deficiencies.

Next, the Court will address the Third-Party Defendants' argument that claims brought pursuant to the UFTA must meet the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) quoting Durham v. Business Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted). This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud. See id. quoting Brooks, 116 F.3d at 1371. That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading. See Ziemba v. Cascade Int'l, Inc., 256

F.3d 1194, 1202 (11th Cir. 2001).

The Court concludes that the heightened pleading standard does not apply to claims brought under the UFTA. Unlike common law fraud claims, fraudulent transfer claims are asserted by a plaintiff against a party with whom it is not in privity. A plaintiff and third-party defendant have no relationship to each other and generally a plaintiff therefore possesses little or no information about a third-party defendant's conduct.[4] The fraudulent act, the clandestine act of hiding money, is allegedly committed by a defendant and a third-party defendant to the exclusion of a plaintiff. This is in stark contrast to a common law fraud claim where a plaintiff alleges that a defendant made a false statement or material omission directly to the plaintiff. Under such circumstances, the plaintiff is in a position to plead with the specificity required by Rule 9(b). This Court concludes that despite the use of the word "fraud," a fraudulent transfer claim is significantly different from other fraud claims to which Rule 9(b) is directed. See Nesco Inc. v. Cisco, No. Civ.A. CV205-142, 2005 WL 2493353, * 3 (S.D. Ga. Oct. 7, 2005) (finding common law fraud and fraudulent transfer "bear very little relation to each other" since the element of false representation need not be proven in fraudulent transfer cases). Given this lack of access to information on the part of a plaintiff in a fraudulent transfer case, the application of a heightened pleading standard is inappropriate.[5]

---

[4] As discussed by Wright and Miller, a common reason identified by courts to require heightened pleading for fraud claims rests on the idea that without this information, a defendant would be unable to formulate a responsive pleading. C. Wright & A. Miller, 5A Federal Practice & Procedure § 1296 (2004). In the fraudulent transfer context, however, the defendant, as opposed to the plaintiff, is more likely to possess the particularized information about the complained-of conduct.

[5] Third-Party Defendants provide case citations to various court opinions that have applied the heightened pleading standard to fraudulent transfer causes of action. These cases are not binding and the Court declines to adopt their reasoning.

III. Conclusion

It is hereby **ORDERED AND ADJUDGED** that Third-Party Defendant Capital Trust Co. of Delaware's Motion to Dismiss Third-Party Complaint **[DE 1007]** and Third-Party Defendants 12530-4 Corp., 12540-5 Corp., Mindee Borzilleri and 2004 Borzilleri Irrevocable Delaware Family Trust, Signature Group Holdings, Inc., Signature Financial Group, Inc., Aeroplan Capital Co., L.L.C., Aeroplan Partners, L.L.C., BFT Business Unit Trust, L.L.C., BFT Funding CO I, L.L.C., FleetPlan L.L.C. and FleetPlan Funding CO., L.L.C.'s Motion to Dismiss Complaint **[DE 1008]** are **GRANTED**. The Complaint is dismissed for failure to state a claim upon which relief may be granted. Plaintiffs are granted leave to file an amended complaint **within 15 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of December 2007.

                                      KENNETH A. MARRA
                                      United States District Judge

Copies to:

All counsel of record