UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06410-CIV-MARRA

SPECIAL PURPOSE ACCOUNTS
RECEIVABLE COOPERATIVE
CORPORATION and CANADIAN
IMPERIAL BANK OF COMMERCE, as
Agent,

      Plaintiffs,

v.

PRIME ONE CAPITAL COMPANY, L.L.C.,
SIGNATURE AUTOMOTIVE GROUP, INC.,
and THOMAS BORZILLERI, individually,

      Defendants.
_____/
SPECIAL PURPOSE ACCOUNTS
RECEIVABLE COOPERATIVE
CORPORATION and CANADIAN
IMPERIAL BANK OF COMMERCE, as
Agent,

      Third-Party Plaintiffs,

v.

12530-4 CORP., et al.,

      Third-Party Defendants,
_____/

**OPINION AND ORDER**

      This cause is before the Court upon Third-Party Defendants' Motion to Dismiss Amended Third-Party Complaint [DE 1036]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On December 19, 2007, the Court dismissed Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 1023].  The Court granted Plaintiffs leave to file an amended complaint.  On January 10, 2008, Plaintiffs filed the amended third-party complaint, which Third-Party Defendants now move to dismiss.  In rendering this Order, the Court presumes familiarity with its prior Order.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

**Counts I-XXIV**

The Court's previous Order directed Plaintiffs to amend the third-party complaint to remedy various pleading deficiencies with respect to the claims brought pursuant to Florida Statute § 56.29(6).  Specifically, the Order instructed Plaintiffs to identify clearly the creditor and the debtor and to provide greater description of the relationship between the Third-Party Defendants and the Initial Defendants. Finally, Plaintiffs were advised that any amendments to the third-party complaint must allege that fraudulent acts occurred, and not simply asset transfers.

After carefully reviewing the allegations contained in counts I through XXIV, the Court finds that the amendments adequately describe the relationship between the Initial Defendants and the Third-Party Defendants.  (Am. Compl. ¶¶ 5-12, 14-17.)  Likewise, the amendments clearly identify the creditor and debtor.  (Am. Compl. ¶¶ 2-3, 18-20, 25-28.)  With respect to fraudulent acts, the amendments have only cured the deficiency with respect to some of the Third-Party Defendants.  Specifically, the Court finds that the amendments have properly alleged fraudulent transfers with respect to: Signature Group, 12530-4 Corp., 12540-5 Corp., Aeroplan Partners, Aeroplan Capital, M. Borzilleri, and the Borzilleri Trust. In making that finding, the Court notes that the amended third-party complaint alleges either fraudulent transfers of specific amounts of money on specific dates[1] or fraudulent transfers of money in a particular month to a

---

[1] The appendix to the amended third-party complaint identifies the following transfers: Signature Group (7/15/01 and 1/23/02), 12530-4 Corp. (7/02), 12540-5 (7/02) and Aeroplan Partners (5/14/03 and 10/28/03).

particular Third-Party Defendant.[2]  On the other hand, there is no basis for fraudulent transfers with respect to BFT, BFT I, Fleetplan, Fleetplan I or Signature Financial. At best, the amended third-party complaint only describes the relationship between the Initial Defendants and these Third-Party Defendants. (Am. Compl. ¶ ¶ 10, 40.)

The Court will, however, allow Plaintiffs another opportunity to amend the complaint. To the extent that Plaintiffs can allege in good faith that BFT, BFT I, Fleetplan, Fleetplan I or Signature Financial were involved in fraudulent transfers, Plaintiffs may amend. If Plaintiff is unable to make those good-faith allegations, Plaintiffs may seek leave to add these parties at a later date.  Furthermore, Plaintiffs are instructed that it is insufficient to allege that Borzilleri withdrew money and, on "information and belief" transferred that money to other defendants. (Am. Compl. ¶ 33.)  Although the Court has ruled that Plaintiffs need not meet the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure, the amended third-party complaint must nonetheless provide facts demonstrating fraud. Otherwise, the Court would be impermissibly allowing Plaintiffs to pursue discovery to find out if a fraudulent transfer claim exists.  See Abrahams v. Young & Rubicam, 979 F. Supp. 122, 129 (D. Conn. 1997) ("the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists").  Finally, for the sake of clarity, Plaintiffs are instructed to identify in each separate count the fraudulent transfer that relates to each count.

**Counts XXV-XXX**

Third-Party Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of

---

[2] Non-specific transfers were made to Aeroplan Capital and Aeroplan Partners in March 2001 (Am. Compl. ¶ 35), M. Borzilleri in November 2003 (Am. Compl. ¶ 38) and Borzilleri Trust in November 2003 (Am. Compl. ¶ 38).

Civil Procedure for these claims brought pursuant to Florida Statutes § § 726.105(1)(a) and (b) and 726.106(1). They complain that neither the transfers nor the parties who received the transfer are identified. Finally, Third-Party Defendants state that the amended third-party complaint fails to provide adequate factual allegations to support the elements of these claims.

After careful review, the Court finds that these counts fail to allege a transfer by an Initial Defendant to a particular Third-Party Defendant. For example, Count XXV states that from "July 15, 2002 to the present, Prime One, at the direction of Borzilleri, made numerous transfers to Borzilleri and other Borzilleri-controlled entities, as detailed above and including (without limitation) a wire transfer of $900,000 to Borzilleri on July 15, 2002 and an additional transfer to Borzilleri of $200,000 that same month." (Am. Compl. ¶ 154.) Nonetheless, this count seeks relief against all Defendants/Third-Party Defendants as evidenced by the "wherefore" clause, which requests that "judgment be entered in the Plaintiffs' favor against Defendants." The transfers underlying this count, however, only reference transfers made to Borzilleri, not the Third-Party Defendants.[3] Assuming Plaintiffs have a good faith basis to allege that transfers were made by the Initial Defendants to the Third-Party Defendants, Plaintiffs may amend these counts to include such allegations. Otherwise, Plaintiffs may seek leave at a later date to amend the complaint to include additional transfers to other entities.

Next, the Court will address Third-Party Defendants' argument that the amended third-party complaint has not provided the necessary factual allegations to support the elements pled. The Court finds that the factual allegations in paragraphs 24-26, 31, 41-43 provide adequate

---

[3] Equally problematic is that the transfers referenced occurred in July of 2002, but the allegations state that Prime One has been making transfers from that date through the present. However, no facts support transfers beyond the July 15, 2002 date.

5

factual basis to support the statutory elements set forth in paragraphs 163, 167, 179 and 183. In contrast, the Court concludes that there is an inadequate factual basis to support the statutory elements set forth in paragraphs 162, 178 and 182. Therefore, to pursue these claims, the amended complaint must remedy this deficiency.

**Counts XXXI-XXXIII**

Counts XXXI-XXXIII are brought against Borzilleri pursuant to Florida Statutes § § 726.105(1)(a) and (b) and 726.106(1). With respect to Count XXXI, Third-Party Defendants argue that the amended third-party complaint "simply rel[ies] upon conclusory recitations of the statutory elements." (Mot. at 10.) Third-Party Defendants seek dismissal of Counts XXXII and XXXIII based on the failure of the amended third-party complaint to identify the term "Borzilleri's property" or the recipients of the transfers. In addition, they complain that Plaintiffs have failed to identify against which Defendants these counts seek relief.

The Court rejects Third-Party Defendants' argument with respect to Count XXXI. That count provides an adequate factual basis to support the statutory elements. Count XXXI identifies the relevant transfers (Am. Compl. ¶ ¶ 190-192), the parties to whom the transfers were made (Am. Compl. ¶ ¶ 187-88, 190-192), and the address of the property at issue (Am. Compl. ¶ ¶ 187-88). That stated, the Court is troubled that the "wherefore" clause requests judgment against "Defendants." After all, the remedies sought may only be lodged against the specific Defendants referenced in that count. Thus, Plaintiffs should amend the complaint accordingly.

The Court agrees that Counts XXXII and XXXIII simply recite the statutory elements, however, these counts relate to Count XXXI and incorporate those facts. Thus, the facts related to the property and transfers in Count XXXI are applicable to Counts XXXII and XXXIII. Thus,

Counts XXXII through XXXIII need only be amended in the same manner as Count XXXI.

**Count XXXIV**

Count XXXIV seeks relief under Florida Statute § 220.30 against Borzilleri and his wife, Mindee Borzilleri. According to these allegations, Borzilleri transferred assets into property acquisitions held jointly by him and his wife in an attempt to take advantage of Florida's tenancy-by-the-entireties immunity. (Am. Compl. ¶ 210.) This count seeks relief against both Borzilleri and Mindee Borzilleri. There are no factual underpinnings to support a claim for relief against Mindee Borzilleri. To allege liability against Mindee Borzilleri, there must be allegations that she performed a specific act with respect to the alleged transfers. See Nationsbank, N.A. v. Coastal Utilities, Inc., 814 So. 2d 1227, 1230 (Fla. Dist. Ct. App. 2002) (wife can be liable when judgment creditor sought to attach portion of an account to recover debtor's individual debt held by debtor and debtor's wife in a joint tenancy with a right of survivorship when wife withdrew funds from the account).[4] Despite the citations to the amended third-party complaint provided by Plaintiffs (Resp. at 11), the Court finds that the amended third-party complaint does not allege acts committed by Mindee Borzilleri to support a claim against her.

**Counts XXXV-XXXVII**

Counts XXXV-XXXVII are brought under Florida Statute § 726.109. Third-Party Defendants seek dismissal, claiming that these counts rely on conclusory recitations of the statutory elements. The Court will address each count separately. Count XXXV seeks relief against Corp. 12530-4, alleging that this entity is an "immediate or subsequent transferee with

---

[4] Although Nationsbank concerned Florida Statutes § § 726.105 and 725.106, Florida Statute § 222.30 is to be read in tandem and as a subset of the causes of action outlined in Florida Statute § 726. In re Levine, 134 F.3d 1046, 1053 (11th Cir. 1998).

respect to the transfer of funds and deposit/contract rights described above for the real property" and is "not a good faith transferee." (Am. Compl. ¶¶ 36, 216-17.)  The remaining allegations state that Corp. 12530-4 subsequently sold the property in January 2006 for the amount of $1,900,000.00.  (Am. Compl. ¶ 218.)  The transfer to Corp. 12530-4 of property rights is identified as well as the date and the amount of money that Corp. 12530-4 received for the sale of the property. Finally, this count only seeks relief against Corp. 12530-4.   Based on these allegations, the Court finds that this count meets the pleading requirements of <u>Twombly</u>.

The same holds true for Counts XXXVI and XXXVII. Count XXXVI also identifies the transfer (Am. Compl. ¶ 36, 221), the amount of the sale (Am. Compl. ¶ 223) and only seeks relief against Corp. 12540-5.  Count XXXVII states that BFT I, an entity controlled by Borzilleri Trust, sold its membership in Fleetplan, another entity controlled by Borzilleri, in November of 2005 and received cash, a promissory note and common stock in return and for the benefit of the Borzilleri Trust. (Am. Compl. ¶¶ 229-32.)   This count seeks relief only against the Borzilleri Trust.  The Court finds that these facts sufficiently support the statutory elements.

<u>        IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Third-Party Defendants' Motion to Dismiss Amended Third-Party Complaint [DE 1036] is **GRANTED IN PART AND DENIED IN PART.**  Within **ten days of the date of entry of this Order**,

Plaintiffs may amend the complaint to comply with the directives set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of May, 2008.

_____
KENNETH A. MARRA
United States District Judge